```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03.09.09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JASON WALKER,

                        Petitioner,

    - against -

H.D. GRAHAM, Superintendent,

                        Respondent.
------------------------------------------------------------X

07 Civ. 2540 (RMB) (DFE)

**DECISION & ORDER**

### I. Background

On or about February 22, 2007, Jason Walker ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") against H.D. Graham, Superintendent of Coxsackie Correctional Facility ("Respondent"). (See Pet. at 1.) Petitioner challenges his November 12, 2003 conviction following a jury trial in New York State Supreme Court, New York County, of two counts of Murder in the Second Degree, two counts of Burglary in the First Degree, two counts of Robbery in the First Degree, and one count of Robbery in the Second Degree, in violation of New York State Penal Law §§ 125.25(1) and (3), 140.30(2) and (3), 160.15(1) and (3), and 160.10(1), respectively. (Pet. at 1.)

On December 18, 2003, Petitioner was sentenced to concurrent terms of 25 years to life imprisonment on the Second Degree Murder counts, 25 years imprisonment on the Burglary and First Degree Robbery counts, and 15 years imprisonment on the Second Degree Robbery count. (See Sentencing Tr., dated Dec. 18, 2003.) On January 31, 2006, the New York State Supreme Court, Appellate Division, First Department, unanimously affirmed Petitioner's conviction. See People v. Walker, 25 A.D.3d 504, 505 (N.Y. App. Div. 1st Dep't 2006) ("The court properly denied defendant's suppression motion. Other participants in the crime made inculpatory

statements that also inculpated defendant and provided the investigating detectives with probable cause for his arrest. . . . Defendant's remaining contentions, including his Confrontation Clause argument, are unpreserved and we decline to review them in the interest of justice."). On February 28, 2006, the New York State Court of Appeals denied Petitioner's application for leave to appeal. See People v. Walker, 6 N.Y.3d 819 (2006).

On March 27, 2006, United States Magistrate Judge Douglas F. Eaton, to whom this matter had been referred, issued a thorough Report and Recommendation ("Report") recommending that this Court deny the Petition because, among other reasons: (1) "[Petitioner] received a full and fair hearing on his claim that the arresting officers lacked probable cause to arrest, and the state courts made a reasonable determination that those detectives had probable cause," and (2) "even if [the Court] were to assume that the Confrontation Clause was violated, any such error was harmless." (Report at 17.)[1]

The Report advised the parties that "pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure [Fed. R. Civ. P.], any party may object to this recommendation within 10 business days after being served with a copy (i.e., no later than December 17, 2008)." (Report at 17 (emphasis omitted).) On or about December 15, 2008, Respondent filed objections to the Report ("Objections"), arguing, among other things, that "the [P]etitioner's confrontation claim should be dismissed on grounds of procedural forfeiture," "because Petitioner's attorney made general objections . . . without stating the basis for his protests," and "it is clear that a Confrontation Clause argument requires a specific

---

[1] Judge Eaton had also recommended that the Court "avoid attempting to determine whether the objections [made by Petitioner's counsel at trial] . . . were insufficient to alert the trial court to the Confrontation Clause and, if so, whether any such insufficiency can be excused by a showing of cause and prejudice." (Report at 17.)

contemporaneous objection to be preserved for appellate review." (Obj. at 2, 4–6.) Alternatively, "[i]f the Court disagrees,[R]espondent urges that the [Report] be adopted." (Obj. at 7.) To date, Petitioner has filed neither objections to the Report nor any response to Respondent's Objections.

**For the reasons set forth below, the Court adopts the Report in its entirety, and the Petition is hereby dismissed.**

## II.   Standard of Review

The Court may adopt any portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 149 (1985). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989); DeLuca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994).

Where, as here, the petitioner is proceeding pro se, the Court construes the petitioner's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and will "interpret them to raise the strongest arguments that they suggest," Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

## III.   Analysis

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted. The uncontested portions of the Report are not clearly

3

erroneous nor are they contrary to law. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

As to the contested portions of the Report, the Court has conducted a de novo review of, among other things, the Report, the Petition, the Objections, and applicable legal authorities, and concludes that Respondent's Objections do not provide a basis for departing from the Report's conclusions and recommendations. See Fed. R. Civ. P. 72(a).

**(1)   Probable Cause**

Judge Eaton properly determined that Petitioner "received a full and fair hearing on his claim that the arresting detectives lacked probable cause, and the state courts made a reasonable determination that those detectives had probable cause." (Report at 17.) "[A] fourth amendment claim may not be considered by a federal habeas corpus court if the state has provided an opportunity fully and fairly to litigate it." McPhail v. Warden, Attica Corr. Facility, 707 F.2d 67, 69 (2d Cir. 1983) (citing Gates v. Henderson, 568 F.2d 830, 837 (2d Cir. 1977) (en banc)); see also Manning v. Strack, No. 99 Civ. 3874, 2002 WL 31780175, at *4–5 (E.D.N.Y. Oct. 11, 2002); United States v. Gonzalez, 835 F.2d 449, 450–51 (2d Cir. 1987).

**(2)   Confrontation Clause**

Judge Eaton assumed that Petitioner's Confrontation Clause claim was properly preserved. ("Because [the court] concurred with the Appellate Division's holding that ['it would reject' Petitioner's Confrontation claim], . . . it [was] unnecessary to rule on whether Petitioner's confrontation Claim was preserved.") Rivera v. Ercole, No. 05 Civ. 9411, 2007 WL 1988147, at *5 (S.D.N.Y. July 6, 2007); see also Cotto v. Herbert, 331 F.3d 217, 231 (2d Cir. 2003). And, Judge Eaton correctly determined that "any such error [in admitting Detective Jerry Giorgio's testimony that a non-testifying codefendant 'implicated' Petitioner] was harmless." (Report at

4

17.) "Compared with [Petitioner's] own testimony implicating himself, the jury could not have attached much significance to the testimony earlier that day in which [the detective] mentioned that [the co-defendant] had made a statement 'implicating [Petitioner] in this crime' in some unspecified way."[2] (Report at 15–17); see also Samuels v. Mann, 13 F.3d 522, 528 (2d Cir. 1993) ("[T]he evidence against [the defendant] [was] 'weighty,' in view of the partially corroborated confession and the eyewitness testimony implicating [the defendant] in the [crime]."); Glenn v. Bartlett, 98 F.3d 721, 729 (2d Cir. 1996); see also United States v. Kyles, 40 F.3d 519, 527 (2d Cir. 1994) ("[T]he prejudicial effect of the [codefendant's] confession was insignificant in light of overwhelming evidence presented at trial against [the defendant].").[3]

### IV.  Certificate of Appealability

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made such a showing, and a certificate of appealability is neither warranted nor appropriate in this case.

---

[2] "Even if the jury believed [Petitioner's] trial testimony in its entirety, it amounted to an uncoerced confession to burglary, robbery, and (at least) felony murder." (Report at 15.) Petitioner testified at trial: "Q: You took [the victim's] keys from [codefendant Williams]? A: Yes. Q: You knew that they needed the keys to get into the apartment? A: Yes." (Tr. at 545.) "Q: You knew that they needed to get [the victim] in the apartment or else they would get caught. A: Yes." (Tr. at 547.) "Q: What did you do with the door? A: I locked it. Q: You locked it so that nobody could get in and nobody could get out, right? A: Yes." (Id.) "Q: Now, you said that [one codefendant] was in the bedroom with this baseball bat, right? A: Yes. Q: He's using this to beat [the victim] with, right? A: Yes. Q: And you said [the other codefendant] was choking him with some piece of rope or cord, right? A. Yes. Q: You wouldn't have anything to do with that, right? A: No, I did not." (Tr. at 548.) "Q: But, you had the stomach to help [the codefendants get the victim] up there in the apartment, open the door, let them in, right? A: Yes. Q: Even though you knew that they were going to kill him, right? A: Yes." (Tr. at 549.)

[3] "In view of the testimony of [corroborating witness Fernando Castro] and [the detective] and [Petitioner's] second signed statement and videotaped statement, there was no rational hope of avoiding the guilty verdict unless [Petitioner] took the stand and, at the very least, denied doing anything to cause [the victim's] death." (Report at 5–7, 15.)

## V.  Conclusion

For the reasons stated therein and herein, the Court adopts Judge Eaton's Report in all respects and Petitioner's request for a writ of habeas corpus is denied. The Clerk is respectfully requested to close this case.

Dated: New York, New York
       March 9, 2009

_/s/ RMB_
**RICHARD M. BERMAN, U.S.D.J.**